*Stip does not affect confirmed plan*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Christopher A. Hodges<br>Danielle M. Hodges aka Danielle M. Devkin<br>　　　　　Debtors | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　Movant<br>vs. | NO. 17-15594 ELF |
| Christopher A. Hodges<br>Danielle M. Hodges aka Danielle M. Devkin<br>　　　　　Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>　　　　　Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtors' vehicle is **$2,650.31**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 3, 2018 to June 3, 2019 at $379.43/month |
| Suspense Balance: | $5.70 |
| **Total Post-Petition Arrears** | **$2,650.31** |

2. The Debtors shall cure said arrearages in the following manner;

　　a). By June 30, 2019, the Debtor will make a down payment in the amount of **$1,900.00**;

　　b). Beginning on July 3, 2019 and continuing through December 3, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$379.43** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the third (3rd) day of each month, plus an installment payment of **$125.05 from July 2019 to November 2019 and $125.06 for December 2019** towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. Box 5855
Carol Stream, IL 60197-5855

　　b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature

Date:   May 28, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date:  6-9-19

Michael A. Cataldo, Esquire
Attorney for Debtor

Date:  6-7-19

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

Approved by the Court this _____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank